IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL EDWARD JOHNSON, #335470 *
    Plaintiff
       v.      *    CIVIL ACTION NO. JFM-10-3655

S. DAVENPORT, et al      *
    Defendants
                                  ***

MEMORANDUM

Defendants S. Davenport, Hafiz, Evangeline Okechukwu, and Udapi have filed a motion to dismiss, which is unopposed.[1] ECF No. 71. Upon review of the papers filed, the court finds an oral hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011). The motion shall be denied.[2]

**Background**

Plaintiff, a patient at the Clifton T. Perkins Hospital, alleges that defendants have created an "illegal level point system" which is used to control and threaten him. He alleges that in November and December of 2010, he was denied psychiatric care and forcibly medicated after he expressed his "rights." He also claims that he was improperly forcibly restrained. He states that he has been discriminated against, and also claims that he has been forced to eat cold food, live in a cell 24 hours a day, and sleep on the floor with only a mattress. He states that his access to the courts has been denied due to denial/confiscation of his legal documents, prohibition on inmates assisting each other, and lack of a legal library. He further alleges that he has been harassed for filing complaints and his records falsified. Johnson alleges that he has been denied

---

[1] Plaintiff was given the requisite notice and an opportunity to oppose the dispositive motion, in compliance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and has failed to do so.

[2] Also pending is defendants' motion for extension of time (ECF No. 6) which shall be granted nunc pro tunc.

proper pain medication and care for neck and spinal injuries. He states he has suffered racial discrimination. ECF No. 1.

## Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 1969. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Defendant's argue that plaintiff has failed to state a claim under the Free Exercise Clause of the First Amendment.[3] ECF No. 7. Such is not the nature of plaintiff's claim. As such, the motion to dismiss shall be denied. Defendants shall be directed to respond to plaintiff's complaint within twenty-eight days.

A separate order follows.

___October 6, 2011_____                           _____/s/_____
Date                                                                         J. Frederick Motz
                                                                                  United States District Judge

---

[3] Plaintiff raised a Free Exercise claim in a separate law suit. *See Johnson v. Hafiz*, Civil Action No. JFM-11-72 (d. Md. 2011).