IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL EDWARD JOHNSON, #335470      *
              Plaintiff
      v.                     *    CIVIL ACTION NO. JFM-10-3655

S. DAVENPORT, et al            *
              Defendants
                     ***

## MEMORANDUM

Defendants S. Davenport, Hafiz, Evangeline Okechukwu, and Udapi have filed a motion to dismiss, which is unopposed.[1]  ECF No. 12.  Upon review of the papers filed, the court finds an oral hearing in this matter unnecessary.  *See* Local Rule 105.6 (D. Md. 2011).  The motion shall be granted.

## Background

Plaintiff, a patient at the Clifton T. Perkins Hospital, alleges that defendants have created an "illegal level point system" which is used to control and threaten him.  He alleges that in November and December of 2010, he was denied psychiatric care and forcibly medicated after he expressed his "rights."  He also claims that he was improperly forcibly restrained.   He states that he has been discriminated against, and also claims that he has been forced to eat cold food, live in a cell 24 hours a day, and sleep on the floor with only a mattress.  He states that his access to the courts has been denied due to denial/confiscation of his legal documents, prohibition on inmates assisting each other, and lack of a legal library.  He further alleges that he has been harassed for filing complaints and his records falsified.  Johnson alleges that he has been denied

---

[1] Plaintiff was given the requisite notice and an opportunity to oppose the dispositive motion, in compliance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and has failed to do so.

proper pain medication and care for neck and spinal injuries.  He states he has suffered racial discrimination.  ECF No. 1.

## Standard of Review

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the  plaintiff's complaint.  *See Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999).   The dismissal for failure to state a claim upon which relief may be granted does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007).   Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Id.* at 1969.  The court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## Discrimination

Plaintiff baldly alleges he is the victim of discrimination.  Plaintiff does not specify the basis of this alleged discrimination.  To the extent plaintiff claims he has been discriminated on the basis of race, it is clear that he has a constitutional right to be free from such discrimination. *See Lee v. Washington*, 390 U.S. 333 (1968).   However, "absent some factual evidence the court will not look behind the determinations of [ ] officials on mere accusations that they are racially motivated."  *Chapman v. Reynolds*, 378 F. Supp. 1137, 1140 (W.D. Va. 1974); *see also Williams*, 926 F.2d at 998 (conclusory allegation of racial discrimination in confiscation of excess property insufficient to state claim because no allegation that prisoners of another race

were allowed to retain more property); *Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) (conclusory allegations of racial discrimination insufficient to state claim).  A mere conclusory averment, as provided by plaintiff in the instant case,  is insufficient to withstand a dispositive motion. *See District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F. 2d 1083, 1085 (4th Cir. 1979).

**Due Process**

Plaintiff alleges he has improperly been injected with medication, put in restraints, and denied necessary treatment.  The core question before the court is whether any of the named defendants violated plaintiff's due process rights by unnecessarily placing him in restraints or by forcibly medicating him. While an involuntarily confined patient in a state mental health facility has a due process right to be free from unreasonable restraint and the right to be housed in safe conditions, such rights are tempered by the treatment concerns of mental health professionals. *See Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982).    Decisions made by treating professionals are presumptively valid, and should not be second-guessed by the court.   *Id.* Nonetheless, a due process violation will be found if the treating professionals substantially departed from the exercise of accepted professional judgment.   *See Patten v. Nichols*, 274 F.3d 829, 842 (4th Cir. 2001).  Neither malpractice nor a difference of opinion among experts as to the proper treatment of a patient, however, will support a finding that due process was violated. *Id.* at 845; *see also Kulak v. City of New York*, 88 F.3d 63, 75 (2d Cir. 1996).  In the instant complaint, plaintiff has alleged no facts in support of his claim of constitutional violation, nor has he alleged that defendants substantially departed from the exercise of accepted professional judgment.  Rather, he simply alleges his rights were violated with no facts underlying his bald conclusions.

**Medical Malpractice**

Plaintiff has failed to allege that he has been denied constitutionally adequate medical care in so far as he claims his neck and spinal injuries have not been treated.  Plaintiff's bald allegation of amounts at most to a claim of negligence and a disagreement with the judgment of his health care providers. As noted, supra, liability under the due process clause cannot be imposed for mere negligence.  *Patten v. Nichols*, 274 F. 3d 829, 843 (4th Cir. 2001).  Further, such disagreement with a course of treatment does not provide the framework for a federal civil rights complaint. *See Kulak v. City of New York*, 88 F. 3d 63, 74 (2nd Cir. 1996).

**Access to the courts**

Prisoners have a constitutionally protected right of access to the courts.  *See Bounds v. Smith,* 430 U. S. 817, 821 (1977).  However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts*.' O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), quoting *Lewis*, 518 U.S. at 355.  "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the

political branches." *Lewis,* 518 U.S. at 349.  Plaintiff has failed to allege that he suffered any injury as a result of the complained of conduct.

**Harassment**

"[N]ot all undesirable behavior by state actors is unconstitutional."  *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). Verbal abuse of inmates by guards, including aggravating language, without more, states no constitutional claim. *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (sheriff laughed at inmate and threatened to hang him); *Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002) (racial slurs); *Cole v. Cole*,633 F.2d 1083, 1091 (4th Cir. 1980) (no harm alleged from claimed verbal harassment and abuse by police officer).  Plaintiff has made no specific factual allegations in support of his claim that he has been harassed by staff, as such, he has failed to state a constitutional claim.


## Conclusion

Defendants' motion to dismiss shall be granted**.**     A separate order follows.



\_\_\_\_\_March 15, 2012_____             _____/s/_____
Date                                            J. Frederick Motz
                                                United States District Judge